UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIALLO HAMMOND,

                           Petitioner,

            v.

MR. ERIC SCHNEIDERMAN, Attny Gnrl.,

                        Respondent.
_____

                                                  DECISION
                                                and
                                              ORDER

                                              12-CV-01172F
                                                (consent)

APPEARANCES:          DIALLO HAMMOND, *Pro Se*
                            09-B-1852
                            Auburn Correctional Facility
                            Box 618
                            Auburn, New York  13021

                            FRANK A. SEDITA, III
                            ERIE COUNTY DISTRICT ATTORNEY
                            Attorney for Defendant
                            ASHLEY RAE SMALL
                            Assistant District Attorney, of Counsel
                            25 Delaware Avenue
                            Buffalo, New York  14202

     On September 26, 2013, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  The matter is presently before the court on Petitioner's motion to stay (Doc. No. 7), filed March 6, 2013.

     Petitioner Diammo Hammond ("Petitioner"), an inmate at Auburn Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on November 26, 2012 (Doc. No. 1) ("the Petition"), to which a response (Doc. No. 5) and memorandum of law (Doc. No. 6) were filed on January 18, 2013.  Petitioner alleges four grounds for relief including (1) insufficient trial evidence relevant to a duress defense; (2) deprivation of the right to a fair trial based on the trial court's *Sandoval*

ruling; (3) prosecutorial misconduct based on statements made during summation; and (4) deprivation of due process based on the trial court's response to two notes from the jury.  Presently before the Court is Petitioner's motion to stay the Petition (Doc. No. 7) ("Petitioner's motion"), to permit Petitioner to exhaust three new claims Petitioner intends to assert, which Plaintiff vaguely describes as asserting ineffective assistance of trial and appellate counsel, Petitioner's Motion ¶ 10, and prosecutorial misconduct based on failure to object and preserve for the record.  *Id.* ¶ 11.  On March 19, 2013, Respondent filed the Opposing Affidavit of Assistant District Attorney Ashley R. Small (Doc. No. 9) ("Small Affidavit"), in opposition to Petitioner's Motion.  For the reasons set forth below, Petitioner's motion is DENIED.

Preliminarily, the court observes that although all four grounds on which Petitioner seeks federal habeas relief were raised on direct appeal to the Appellate Division, Fourth Department, the constitutional nature of Petitioner's Second Claim was not presented to the Appellate Division, which also held Petitioner's third claim asserting prosecutorial misconduct had not been preserved and, as such, failed to reach the merits of it.  Accordingly, the Petition is "mixed," containing both exhausted and unexhausted claims. Nevertheless, Petitioner's motion does not seek to stay the instant habeas proceeding while Petitioner exhausts the unexhausted claims alleged in the Petition but, rather, seeks to stay and hold the Petition in abeyance while Petitioner presents new claims, not raised on direct appeal, to the Appellate Division.

The Second Circuit has held that a court presented with a "mixed" habeas corpus petition could, in its discretion, either "dismiss the petition" or "dismiss only the unexhausted claims and stay the balance of the petition."  *Zarvela v. Ortiz*, 254 F.3d

374, 377 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001).  A necessary predicate of

the "stay-and-abeyance" procedure is the presence of a mixed petition.  *Rhines v.*

*Weber*, 544 U.S. 269, 277-78 (2005); *see also Zarvela*, 254 F.3d at 377.  Although the

instant Petition is mixed, Petitioner does not seek a stay to permit him to exhaust the

unexhausted claims asserted in the Petition, but seeks a stay to permit Petitioner to

exhaust new claims, which Petitioner would then seek to add to the Petition.  Petitioner,

however, has not filed a motion to amend the Petition nor submitted a proposed

amended petition clearly setting forth the new claims Petitioner seeks to add.

Because Petitioner has not provided the court with the proposed amended

petition, the Court is unable, at this time, to determine whether Petitioner's request for a

stay is appropriate under *Rhines*, where the Supreme Court stated

> [S]tay and abeyance should be available only in limited circumstances.  Because
> granting a stay effectively excuses a petitioner's failure to present his claims first
> to the state courts, stay and abeyance is only appropriate when the district court
> determines there was good cause for the petitioner's failure to exhaust his claims
> first in state court.  Moreover, even if a petitioner had good cause for that failure,
> the district court would abuse its discretion if it were to grant him a stay when his
> unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277.

Here, because Petitioner has not furnished the court with a proposed amended petition

asserting the three new claims, only nebulously described in Petitioner's motion,

Petitioner has failed to establish the *Rhines* criteria for granting a stay as to the new

claims Petitioner seeks to assert.

Petitioner must thus, in addition to re-filing his motion to stay, file a motion to

amend the Petition to include the new, unexhausted claims he seeks to add to the

Petition.  The motion to amend the Petition must attach a proposed amended petition

setting forth the factual predicates of both the claims raised in the Petition, as well as

the three new claims Petitioner seeks to exhaust with enough detail to permit the Court

to analyze such claims pursuant to *Rhines*.  In his motion to amend, Petitioner must

also address whether the new claims he seeks to assert are timely under the one-year

statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  If the statute of

limitations has expired as to any of the three new claims, the court must find that the

claims "relate back" to the originally pleaded claims pursuant to Fed.R.Civ.P. 15(c), and

*Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not

relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new

ground for relief supported by facts that differ in both time and type from those the

original pleading set forth."),

     As such, Petitioner's motion seeking to stay the petition (Doc. No. 7), is DENIED

without prejudice and with leave to refile, along with a motion to file an amended petition

attaching the proposed amended petition setting forth Petitioner's current grounds for

relief, as well as the three new grounds Petitioner seeks to add, setting them forth in

sufficient detail to permit the Court to determine whether the *Rhines* criteria for "stay-

and-abeyance" are met, as well as whether such claims are timely.  Such motions are to

be filed within forty-five (45) days of receipt of this Decision and Order.  Should

Petitioner re-file his motion to stay and amend, along with the proposed amended

petition, Respondent shall have forty-five (45) days from the date of service to of such

motion to file a response.  The Clerk of the Court is directed to send Petitioner a Form

Petition for Habeas Relief pursuant to 28 U.S.C. § 2254 which Petitioner should use for

his proposed amended petition.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 31, 2014
                Buffalo, New York